**Maureen RIVARD, Plaintiff,**

**David Rivard, Respondent,**

v.

**Charlene McGINNIS, Appellant.**

**No. C3-89-2014.**

Court of Appeals of Minnesota.

April 24, 1990.

Gene P. Bradt, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for plaintiff, respondent.

Linc S. Deter, Felhaber, Larson, Fenlon & Vogt, P.A., St. Paul, for appellant.

Considered and decided by FORSBERG, P.J., and LANSING and SCHULTZ,* JJ.

## OPINION

FORSBERG, Judge.

Respondent David Rivard sued appellant Charlene McGinnis for personal injuries allegedly sustained in an automobile accident. Following trial, the jury awarded Rivard damages totaling $15,245.

On appeal, McGinnis contends the trial court erred in concluding the cost of certain x-rays could be used to meet the tort threshold requirements of Minn.Stat. § 65B.51 (1988). We agree and reverse.

## FACTS

In 1982, Rivard was a passenger in a vehicle which was rear-ended by a vehicle driven by McGinnis. Rivard sustained back and neck injuries.

McGinnis admitted liability, but questioned the extent of Rivard's damages and

* Acting as judge of the Court of Appeals by ap-      pointment pursuant to Minn. Const. art. 6, § 2.

whether he had met the tort threshold requirements of Minn.Stat. § 65B.51.

At trial, Rivard presented evidence he had incurred $4,245 in medical expenses as a result of the accident. That amount included $595 for x-rays. Orthopedic surgeon Dr. Jonathon Biebl testified by deposition he had ordered the x-rays prior to proceeding with an intensive course of physical therapy because "if [Rivard] had an occult or sort of a silent disc herniation, I didn't want to do some of the more aggressive things in physiotherapy to make it worse."

At the close of the evidence, McGinnis moved for a directed verdict on the grounds Rivard had not incurred $4,000 in medical expenses as required by Minn.Stat. § 65B.51, subd. 3(a). McGinnis argued that because the statute excluded the cost of diagnostic x-rays, the $595 incurred by Rivard for x-rays could not be used to meet the $4,000 tort threshold. While Rivard agreed the x-rays were diagnostic, he also claimed "they went beyond that in that they were necessary to implement treatment[.]" He insisted the x-rays were remedial because they were necessary to "determine the appropriate method of physical therapy so as not to cause further injury." The trial court reserved ruling on McGinnis' directed verdict motion pending outcome of the jury's verdict.

By special verdict, the jury found Rivard's injuries were not permanent. It further found he had sustained $4,245 in reasonable medical expenses, $10,000 in damages for "past pain, disability, and emotional distress," and $1,000 in future medical expenses.

In the memorandum attached to its findings of fact, conclusions of law and order for judgment, the court concluded the cost of the x-rays could be included in the tort threshold computation.

This appeal followed entry of judgment.

## ISSUE

Did the trial court err in concluding the cost of the x-rays in this case could be used to meet the tort threshold requirements of Minn.Stat. § 65B.51?

## ANALYSIS

The Minnesota No–Fault Act limits an injured person's right to recover noneconomic damages in a civil action. A person may not seek recovery for losses such as pain and suffering unless more than $4,000 in reasonable medical expenses have been incurred or unless certain types of injuries have been sustained, such as permanent disfigurement or death. Minn.Stat. § 65B.51, subd. 3(a) and (b).

Computation of the $4,000 in medical expenses does not include

> [t]he amount of medical expense benefits paid * * * for diagnostic X-rays and for a procedure or treatment for rehabilitation and not for remedial purposes or a course of rehabilitative occupational training[.]

Minn.Stat. § 65B.51, subd. 3(a)(4) (1988). According to one commentator,

> [t]he reason for deducting diagnostic X-rays from the medical expense computation is, apparently, to remove any incentive to reach for the tort threshold by resort to easily inflated expenses. The same reason seems to apply to the exclusion for non-occupational or nonremedial rehabilitation expenses.

Steenson, *A Primer on Minnesota No–Fault Automobile Insurance*, 7 Wm. Mitchell L.Rev. 313, 390 (1981).

In this case, the trial court concluded the cost of the diagnostic x-rays could be used to reach the $4,000 threshold since those x-rays were also for remedial purposes. The court's analysis assumes the statutory phrase "not for remedial purposes" modifies the phrase "diagnostic X-rays." We need not decide whether this reading of the statute is correct, because we do not believe the "diagnostic" x-rays in this case can be considered "remedial" under the plain meaning of those terms.

"[T]he terms of a statute generally should be construed according to their plain and ordinary meaning." *Nadeau v. Austin Mutual Insurance Co.*, 350 N.W.2d 368, 373 (Minn.1984) (citation omitted).

"Diagnostic" may be defined as "[s]erving to identify" or determine the nature of a disease through examination. *American Heritage Dictionary* 391 (2d college ed. 1982). One of the obvious purposes of a diagnosis, or determining the nature of a patient's condition, is to assist in determining the appropriate course of therapy. Thus, the fact these diagnostic x-rays were also used to determine the appropriate method of therapy does not necessarily mean those x-rays were also "remedial." If so, any diagnostic x-ray could be considered remedial. Thus, the parties' and the court's underlying assumption that the evidence established the diagnostic x-rays in this case were also remedial is flawed.

Even if there was testimony specifically describing the x-rays in this case as "remedial," we would have to disagree with such a label. "Remedial" may be defined as "[s]upplying a remedy" or cure. *American Heritage Dictionary* 1045 (2d college ed. 1982). The x-rays here did not provide any relief or remedy to Rivard for his condition. While there may be times when certain types of x-rays *are* remedial, such as for treatment of cancer, this is not one of those instances.

As further support for its decision, the trial court in this case emphasized it was "firmly convinced that [the x-rays] were ordered for remedial purposes and not in any attempt to reach for the tort threshold." Reliance on legislative intent is not permitted when the language of a statute is clear and unambiguous. Minn.Stat. § 645.16 (1988); *Beck v. City of St. Paul,* 304 Minn. 438, 445, 231 N.W.2d 919, 923 (1975). The fact the x-rays in this case were not ordered in an attempt to reach the tort threshold is therefore unimportant.

## DECISION

The judgment and the trial court's denial of McGinnis' motion for a directed verdict are reversed.

Reversed.